# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE JESUS MONTES LOPEZ<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA; a business form unknown; PRLAP INC.; DOES I through X, INCLUSIVE; and ROE CORPORATIONS, I through V, INCLUSIVE,<br><br>Defendants. | CASE NO. 1:11-cv-00485-LJO-SMS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br><br><br><br>(Doc. 1) |

Plaintiff Jose De Jesus Montes Lopez files his complaint against Defendants *pro se*. This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

## I.   Screening

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

1    **II.**      <u>**Pleading Standards**</u>

2     "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

3 court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

4 fails to state a claim upon which relief may be granted."  28 U.S.C. § 915(e)(2)(B)(ii).

5     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6 exceptions," none of which applies here.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512

7 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

8 showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must

9 simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

10 it rests."  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but

11 "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory

12 statements, do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing*

13 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient

14 factual matter accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at

15 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal

16 conclusions are not. *Twombly*, 550 U.S. at 555.

17     Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

18 relief above the speculative level."  *Id.* at 555 (*citations omitted*).  A plaintiff must set forth "the

19 grounds of his entitlement to relief," which "requires more than labels and conclusions, and a

20 formulaic recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation*

21 *marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set

22 forth the legal and factual basis for his claim.

23    **III.**      <u>**Unclear Allegations**</u>

24     Because of the disjointed and incomplete nature of the factual allegations, the Court is

25 unable to determine with certainty the facts underlying this case.  Although Plaintiff identifies

26 himself and Defendants Bank of America and PRLAP INC. (collectively, "Defendants"), he

27

28

1   includes no allegations identifying David Alan Tikal[1] or the KATN Revocable Living Trust, nor

2   explains the nature of the transaction(s) leading to Tikal and the trust's substitution as trustee for

3   Defendants.

4          Similarly, Plaintiff provides no factual allegations that explain why Defendants were

5   required to "cease and desist" following the assignment to Tikal and the trust.  Based on

6   Plaintiff's limited allegations, it appears that Plaintiff may be alleging that Defendants were not

7   entitled to collect funds due under a mortgage note following Plaintiff's unilateral reassignment

8   of the property to another party.  The factual allegations are insufficient to permit the Court to

9   understand clearly what Plaintiff intends to allege, however, and the Court will not speculate on

10  what Plaintiff may have intended to allege or claim.  Should Plaintiff elect to amend his

11  complaint, as this order permits him to do, he must set forth detailed factual allegations in a

12  logical sequence sufficient to permit the Court to understand the nature of his claims and the

13  facts that support them.

14  **IV.     Exhibits to Complaint**

15         The Court is not a repository for the parties' evidence.  Originals or copies of evidence

16  are properly submitted when the course of the litigation brings the evidence into question (as

17  upon a summary judgment motion, at trial, or upon the Court's request).  During the screening

18  process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima

19  facie claim for relief.  Submission of evidence is premature.  Accordingly, a plaintiff is well

20  advised to state fully the facts supporting his claims against the defendants and to refrain from

21  attaching exhibits.

22         When screening a plaintiff's complaint, the Court must assume the truth of the factual

23  allegations.  Submitting exhibits to support the complaint's allegations is generally unnecessary.

24  When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be

25  attached to the complaint and incorporated by reference.  Fed. R. Civ. Proc. 10(c).  Plaintiff is

26

27         [1] David Alan Tikal is also referred to in the complaint and its exhibits as David Alan-Tikal,  Alan-David

28  Tikal, Alan-David: Tikal, and Alan David; Tikal.  Assuming that these names refer to the same individual, Plaintiff is
    advised to adopt consistent nomenclature in his amended complaint.

1  cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is

2  to evaluate the complaint's factual allegations, not to wade through exhibits.

3  **V.       "John Doe" Defendants**

4        Plaintiff also names individual and corporate "John Doe" defendants, but never alleges

5  who these John Does are or what they allegedly did.  The Federal Rules of Civil Procedure

6  include no provision "permitting the use of fictitious defendants." *McMillan v. Department of*

7  *Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*,

8  519 U.S. 1132 (1997).  *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th

9  Cir. 1970).   "As a general rule, the use of 'John Doe' to identify a defendant is not favored."

10  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a plaintiff must be afforded

11  an opportunity to identify the unknown defendants through discovery, unless it is clear that

12  discovery will not reveal their identities or the complaint must be dismissed for other reasons.

13  *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice."  *Lopes v. Vieira*,

14  543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

15        Here, the "John Doe" defendants are simply listed in the caption without otherwise being

16  specifically identified and linked to any specific act or omission relating to Plaintiff's claims.  As

17  a result, the Court has no clue why the John Does are being named as defendants.  *Compare*

18  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 390 n. 2

19  (1971) (in which "the District Court ordered that the complaint be served upon 'those federal

20  agents who it is indicated by the records of the United States Attorney participated in the

21  November 25, 1965, arrest of the petitioner'"), and *Wakefield v. Thompson*, 177 F.3d 1160, 1162

22  n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to

23  provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the

24  Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at

25  the time of his release' and the 'Duty Roster for that day.'")

26  **VI.      Claims**

27        As presently composed, the complaint sets forth a variety of unclear and disconnected

28  factual allegations and a prayer for relief.  Plaintiffs must identify the legal basis of his claim(s),

1  tied to the factual allegations that support it.  As previously discussed, the complaint must give

2  the defendant and the Court fair notice of what the plaintiff's claim is and the grounds upon

3  which it rests.  *See Swierkiewicz*, 534 U.S. at 512.

4  **VII.    Conclusion and Order**

5          Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court

6  will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies

7  identified by the Court in this order.  Plaintiff's amended complaint should be brief, Fed. R. Civ.

8  P. 8(a), but must identify Plaintiff's legal claims and state what each named Defendant did that

9  led to render it liable to Plaintiff under those claims. *See Leer v. Murphy*, 844 F.2d 628, 633-34

10 (9th Cir. 1988).

11         Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

12 relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff

13 should focus on identifying his legal claims and setting forth, as briefly but specifically as

14 possible, the facts linking the defendants he names to the claims alleged.

15         Plaintiff is advised that any amended complaint supercedes all prior complaints, *Forsyth*

16 *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be

17 "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.

18 "All causes of action alleged in an original complaint which are not alleged in an amended

19 complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *accord Forsyth*, 114

20 F.3d at 1474.

21         Based on the foregoing, it is HEREBY ORDERED that:

22         1.      Plaintiff's amended complaint is dismissed with leave to amend for failure to state

23                 a claim;

24         2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

25                 an amended complaint curing the deficiencies identified by the Court in this order;

26                 and

27 ///

28 ///

3.     If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **March 25, 2011**                                       **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE